IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE D. JONES, | § | No. 127, 2023 |
| | § | |
| Defendant Below, | § | Court Below—Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | Cr. ID Nos. N2104000263 |
| | § | N1806020683 |
| STATE OF DELAWARE, | § | N1807002127 |
| | § | |
| Appellee. | § | |

Submitted: August 24, 2023
Decided: August 29, 2023

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to remand, and the record on appeal, it appears to the Court that:

(1)  In August 2021, a grand jury indicted the appellant, Andre D. Jones, for "Theft: Organized retail crime."[1]  The arrest warrant reflects that the charge arose when Jones took from a home-improvement store merchandise with a value of $3,133.76.  Store employees recovered merchandise worth $449.83 as Jones fled.  On February 22, 2022, Jones pleaded guilty to organized retail theft and to violations

---

[1] *See* 11 *Del. C.* § 841B(a) ("A person is guilty of 'theft: organized retail crime' when the person takes, exercises control over, or obtains retail merchandise of another person intending to deprive that person of it, or receives stolen property in violation of § 851 of this title, in quantities that would not normally be purchased for personal use or consumption, with the intent to appropriate or to resell or reenter the merchandise into commerce.").  In this order, we refer to this offense as "organized retail theft."

of his probation in two prior criminal cases, Criminal ID No. 1806020683 (the "escape after conviction" case) and Criminal ID No. 1807002127 (the "vehicular assault case"). The Superior Court sentenced Jones, effective April 29, 2021, to seven years of imprisonment, suspended after 298 days for one year of Level III probation for organized retail theft; the court imposed suspended sentences for the two VOPs.

(2) Following Jones's release after his guilty plea and sentencing, he was arrested in Pennsylvania on theft-related charges in April 2022. On April 26, 2022, a Delaware probation officer filed a VOP report in all three cases alleging that Jones had failed to report to probation after his release and that he had not truthfully reported his address. A capias issued. The capias was returned on February 16, 2023, after Jones was extradited from Pennsylvania; he was released with instructions to report to probation, which he did not do. A VOP hearing was scheduled for March 7, 2023, but Jones did not appear on that date. Another capias was issued; it was returned in Superior Court on March 21, 2023, and Jones was committed to the Department of Correction.

(3) At a VOP hearing on April 6, 2023, the Superior Court found Jones to be in violation of probation. The probation officer recommended that the Superior Court sentence Jones to eleven months in the escape after conviction case and eleven months in the organized retail theft case and that the court discharge Jones from

probation in the vehicular assault case. After determining that Jones had six years of back-up time in the organized retail theft case, the Superior Court sentenced Jones to eighteen months of imprisonment, with no probation to follow, in the organized retail theft case and discharged the probation in the other cases as unimproved.

(4) On appeal, Jones contends that the April 6, 2023 VOP sentence should be vacated because his original sentence for organized retail theft exceeded the applicable statutory maximum for that offense. The State has filed a motion requesting that the matter be remanded to the Superior Court based on "discrepancies between what appears to have been the plea agreement and the actual sentence imposed." After careful consideration, we have determined that the matter must be remanded to the Superior Court to consider in the first instance whether the original sentence for organized retail theft conformed to the law and the parameters of the plea agreement and then to resentence Jones for the VOP.

(5) Organized retail theft can be classified as a Class A misdemeanor, a Class G felony, or a Class E felony, depending on the facts of the case.[2] The

___

[2] *See* 11 *Del. C.* § 841B(c) ("In addition to the provisions of § 841(c) and (d) of this title, if a defendant has 2 or more times been convicted of theft: organized retail crime, the offense of theft: organized retail crime is a class E felony."); 11 *Del. C.* § 841(c)(1) ("Except where a victim is 62 years of age or older, or an 'adult who is impaired' as defined in § 3902(2) of Title 31, or a 'person with a disability' as defined in § 3901(a)(2) of Title 12, theft is a class A misdemeanor unless the value of the property received, retained or disposed of is $1,500 or more, in which case it is a class G felony."). Organized retail theft can also be a Class B, D, or F felony under circumstances that do not appear to apply here, such as if the victim is a person in certain protected categories or the value of the goods is more than $50,000. *See* 11 *Del. C.* § 841(c)(2) ("Where a victim is 62 years of age or older, or an 'adult who is impaired as defined in § 3902(2) of Title 31, or a 'person with

3

indictment in this case identifies the offense as "a felony" but does not specify a particular felony classification. The indictment identifies the home-improvement store as the victim but does not allege the value of the merchandise taken; it appears from the record, however, that the value of the stolen goods was more than $1,500 and less than $50,000. Under those facts, the offense could be a Class G felony unless Jones had been convicted of organized retail theft at least twice before, in which case the offense could be a Class E felony.[3]

(6)     As the State indicates in its motion, the plea agreement appears to reflect that the offense was originally classified in the plea as a Class E felony, which carries a sentencing range of zero to five years.[4] Over the typed "E" on the plea agreement, however, appears to be a handwritten "G," suggesting that Jones pleaded guilty to organized retail theft as a Class G felony.[5] The Truth in Sentencing Guilty Plea form also supports that understanding of Jones's plea: the TIS form indicates that the possible sentence was "0-2 years," which is the sentencing range for a Class G felony.[6] Oddly, though, the plea agreement indicates that the State was seeking a

_____

a disability' as defined in § 3901(a)(2) of Title 12, theft is a class G felony unless the value of the property received, retained or disposed of is $1,500 or more, in which case it is a class F felony.");
*id.* § 841(c)(3) (providing that, "[n]otwithstanding paragraphs (c)(1) and (2) of this section," theft is a class D felony if the value of the property is more than $50,000 but less than $100,000 and is a class B felony if the value of the property is $100,000 or more).

[3] 11 *Del. C.* § 841B(c); *id.* § 841(c)(1).

[4] 11 *Del. C.* § 4205(b)(5).

[5] The record before this Court on appeal does not include a transcript of the February 22, 2022 plea colloquy and sentencing that might provide any further clarification.

[6] 11 *Del. C.* § 4205(b)(7).

4

sentence of seven years, which is more than the statutory maximum penalties of two years for a Class G felony and five years for a Class E felony. Indeed, it appears that the statute would permit a seven-year sentence only if the stolen property were worth at least $50,000, which is inconsistent with the facts contained in the record.

(7) If Jones pleaded guilty to a Class G felony, then (i) the Superior Court could impose a maximum sentence of two years and (ii) the seven-year sentence that the court did impose exceeded the maximum sentence authorized by the statute. Moreover, we infer that Jones served at least 298 days on the original sentence,[7] which would leave less than eighteen months of back-up time for the VOP if the maximum statutory penalty for the original offense was two years. Yet the Superior Court sentenced Jones for the VOP with the understanding that he had six years of back-up time remaining. We therefore remand for the Superior Court (i) to determine in the first instance whether Jones's original, February 22, 2022 sentence was authorized by statute and the plea agreement and (ii) to resentence Jones on the VOP in accordance with the court's determination regarding the original sentence. Jones should be represented by counsel in the additional proceedings before the Superior Court.

---

[7] We draw this inference, in part, from the original, February 22, 2022 sentence order, which sentenced Jones "[e]ffective April 29, 2021," to seven years of imprisonment, suspended after 298 days for one year of Level III probation. *See generally Medley v. State*, 281 A.3d 29, 33 (Del. 2022) (stating that a sentencing court may provide credit for time served "by either 'backdating' the effective date of the sentence to the date of incarceration or by crediting the defendant with time served").

5

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice